```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

VINCENT JAMES SARNOWSKI,       :
                               :
           Plaintiff           :       No. 4:CV-06-534
                               :
      vs.                      :       (Complaint Filed 3/14/06)
                               :
ASHLEY RUMMINGS, ET AL.,       :       (Judge Muir)
                               :
           Defendants          :

<u>ORDER</u>

March 14, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On March 14, 2006, Vincent James Sarnowski, who resides at 1324 West Third Street, Williamsport, Pennsylvania, filed pro se a civil complaint.  The body of the form complaint is three pages in length and completed in barely legible handwriting. Attached to the complaint are 38 pages of various documents. including a state court criminal complaint.  The only defendant named in the complaint is Ashley Rummings, who resides in Williamsport.  However, the docket sheet lists Rummings and the following as defendants: Williamsport Police Department, Judge Brown, Judge Keiser, Adult Probation, Sheriff Hookers, Pennsylvania State Police, West Branch Drug Counseling, Wise Options, District Justice Carnes, District Justice Page, and Muncy Bank & Trust.

Along with the complaint, Sarnowski filed an application to proceed in forma pauperis.  We are unable to discern from that application whether or not Sarnowski is entitled to proceed in forma pauperis. He states he is not presently employed but then states that he earns $90,000

annually.  He further states that he has received money from (1) a business, profession or self-employment, (2) rents payments, interest or dividends and (3) gifts or inheritances in the last 12 months but does not specify the amounts.  Because Sarnowski has not sufficiently established his inability to pay the $250.00 filing fee we will deny his application without prejudice.

Pro se parties are accorded substantial deference and liberality in federal court.  Haines vs. Kerner, 404 U.S. 519, 520 (1972); Hughes vs. Rowe, 449 U.S. 5, 9 (1980).  They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

A complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant or defendants which is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.  Frazier vs. Southeastern Pa. Transp. Auth., 785 F.2d 65, 68 (3d Cir. 1986).  A  complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible defendants.

Under even the most liberal construction, Sarnowski complaint is a flagrant violation of Rule 8.  It does not give defendants fair notice of what his claim is and the grounds upon which it rests.  Even taking into account the fact that Sarnsowski is proceeding pro se, his complaint is not in conformity with Rule 8 of the Federal Rules of Civil Procedure.  It certainly does not set forth in brief, concise, and understandable terms of what he is complaining.

Answering Sarnowski's complaint in standard form, that is, by admission or denial, would be impossible.  Accordingly, it is subject to <u>sua sponte</u> dismissal by the court.  Such dismissal will be ordered with leave to file an amended complaint. See Salahudin vs. Cuomo, 861 F.2d 40 (2d Cir. 1988).

Sarnowski is also reminded that the amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  Such amended complaint should set forth his claims in short, concise and plain statements.  It should specify which actions are alleged as to which defendants.  The complaint should not contain legal argument or reference to court cases.

If Sarnowski fails to file an amended complaint adhering to the standards set forth above within the time prescribed, this case will be closed.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's complaint is dismissed for failure to comply  with Fed. R. Civ. P. 8.

      2.   Within 60 days from the date hereof Plaintiff may file an amended complaint setting forth his claims in conformity with Rule 8.

      3.   If the plaintiff fails to file an amended complaint within 60 days of the date hereof, the Clerk of Court will be directed to close this case.

      4.   The Clerk of Court shall attach to this order a copy of this court's §1983 standard complaint form.

      5.   Plaintiff's application to proceed in forma pauperis is denied without prejudice.

      6.   Plaintiff shall within 60 days of the date hereof submit a fully completed application to proceed in forma pauperis or the $250.00 filing fee.  The Clerk of Court shall provide Plaintiff with the standard form application to proceed in forma pauperis.


                                                s/Malcolm Muir
                                                MUIR, U.S. District Judge

MM:gs